# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| QUINTON EDMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-076 |
| | ) | |
| DR. AWE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The Court approved *pro se* plaintiff Quinton Edmond's complaint alleging deliberate indifference to his serious medical needs for service upon Defendant Awe.  *See* doc. 12 at 8; *see also* doc. 13 at 1.  Defendant waived service, doc. 15, answered, doc. 17, and moved for summary judgment, doc. 19.  When Edmond did not timely respond to the Motion for Summary Judgment, the Court ordered him to show cause why his case should not be dismissed for failure to prosecute.  *See* doc. 21.  The Court expressly warned Edmond that failure to respond would result in dismissal, pursuant to Federal Rule of Civil Procedure 41(b).  *Id.* at 2.  The deadline for him to respond to that Order has expired and he has not responded.  *See generally* docket.  Because Edmond has failed to comply

with the Court's order and failed to prosecute this case, it should be **DISMISSED**.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* Fed. R. Civ. P. 41(b); S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Failure to respond to a motion for summary judgment has also been recognized as a failure to prosecute under Rule 41. *See Wedgeworth v. Corizon Health*, 2013 WL 4791619, at *1 (S.D. Ala. Sept. 6, 2013). Accordingly, Plaintiff's Complaint should be **DISMISSED** for his failure to comply with the Court's Order and Local Rules, and his failure to prosecute this action. *See, e.g.,* Fed. R. Civ. P. 41(b).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party

may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 14th day of April, 2023.

／s／ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA